```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

JOSEPH FREDERICK WILLIAMS,       :
            Plaintiff            :
                                 :
      v.                         :         Civil No. 1:03cv11
                                 :
PHIL FITZPATRICK, Caseworker,    :
Department of Corrections, and   :
Several Unnamed Corrections      :
Officers,                        :
            Defendants           :
_____  :
```

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Paper 45)

The Court may grant summary judgment only where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party has an initial burden of informing the Court of the basis for its motion for summary judgment and of identifying the absence of a genuine issue of material fact. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000). Where, as here, a motion for summary judgment is supported by affidavits and other documentary evidence, however, the opposing party must set forth specific facts showing there is a genuine, material issue for trial. See Forsyth v. Fed. Employment & Guidance Serv., 409 F.3d 565, 569-70 (2d Cir. 2005); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994).

1

Stated another way, a court's role when considering a motion for summary judgment is to determine whether there are genuine unresolved issues of material fact to be tried. See, e.g., Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004); Gibson v. Am. Broad. Co., Inc., 892 F.2d 1128, 1132 (2d Cir. 1989). Only disputes over material facts which might affect the outcome of the suit under the governing law preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Moreover, a dispute of fact is not "genuine," and does not preclude the entry of summary judgment, if the evidence is not sufficient to permit a jury to find in the moving party's favor. Id. "The mere existence of a scintilla of evidence in support of the [proponent's] position [is] insufficient; there must be evidence on which the jury could reasonably find for the [party]." Id. at 252; see Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 574 (2d Cir. 2005).

Despite receiving notice of the requirement to address the defendants' arguments, the plaintiff has failed to appropriately respond to this well-supported motion. This fact, however, does not relieve the defendants of demonstrating the absence of any genuine issue of material fact. See generally Amaker v. Foley, 274 F.3d 677 (2d Cir. 2001).

"[E]ven when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 681. Where, as here, the plaintiff has had sufficient time to respond to a pending summary judgment motion, and the evidence submitted by the movant supports a finding that no material factual dispute exists, the Court may properly grant the motion. See, e.g., Jermosen v. Mann, 18 Fed. Appx. 31, 33 (2d Cir. 2001).

Upon review of the defendants' Motion for Summary Judgment and the documentation in the record, the Court finds the following facts material and undisputed. See generally Defendants' Statement of Undisputed Facts (Paper 48) and exhibits thereto.

The plaintiff is an inmate committed to the custody of the Commissioner of the Vermont Department of Corrections. While on conditional reentry/furlough status in conjunction with a sentence for Violating an Abuse Prevention Order (hereinafter "VAPO"), on November 15, 2002, the plaintiff was sentenced in Vermont District Court to 18 months to 7 years for Driving While Intoxicated #3 and Driving with a License Suspended #2. In addition, the plaintiff was required to participate in the

3

Department of Corrections' Intensive Substance Abuse Program (hereinafter "ISAP") when eligible for pre-approved furlough (hereinafter "PAF") status.  As of November 15, 2002, however, the plaintiff was ineligible to begin his PAF/ISAP sentence because he had not yet completed his VAPO sentence.

Though specific dates are unclear in the record, it appears that, some weeks following his November 2002 convictions, the Department of Corrections decided to work toward releasing the plaintiff on conditional re-entry status in advance of the expiration of his VAPO maximum sentence.  Residences which offenders propose in anticipation of release into the community on supervisory status are subject to approval by the probation and parole office.  The plaintiff identified his fiancée's home as his proposed residence upon release.  Based upon his conviction for crimes involving domestic violence, and on the fact that he previously had not participated in the Department's Domestic Assault Education Program (hereinafter "DAEP") as directed, the probation and parole office disapproved plaintiff's request to reside with his fiancée.  After the plaintiff submitted an alternative residence which the Department approved, he was released into the community on December 17, 2002, and began serving his PAF/ISAP sentence.

The plaintiff is currently incarcerated due to the revocation of his PAF status.  He has filed this suit under 42

U.S.C. § 1983, claiming his right to be free from cruel and unusual punishment and his right to equal protection have been violated.  He alleges he was refused furlough without reason, forced to wear the same clothes for several days, was subject to insult, placed in segregation, and denied visitation because of his race.  He seeks $1 million for mental and emotional injuries sustained as a result of the alleged discrimination.

The Eighth Amendment protects inmates from cruel and unusual punishment.  It prohibits punishments which "involve the unnecessary and wanton infliction of pain," "are grossly disproportionate to the severity of the crime," or "are totally without penological justification."  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981) (citations and quotations omitted).  Thus, to the extent conditions of confinement or parole are restrictive or harsh, they are part of a criminal offender's penalty and not unconstitutional.  <u>Id.</u> at 347.

Based on this well-established standard, the plaintiff has failed to allege an arguable violation of his rights as protected by the Eighth Amendment.  "Simply put, the Eighth Amendment's prohibition against cruel and unusual punishment does not extend to <u>de minimus</u> uses of physical force, provided that the use of force is not the sort repugnant to the conscience of mankind . . . . [Only] when a prisoner alleges facts from which it could be inferred that prison officials subjected him to excessive force,

and did so maliciously and sadistically, this states an Eighth Amendment claim on which he is entitled to present evidence." Govan v. Campbell, 289 F. Supp. 2d 289, 299 (N.D.N.Y. 2003) (citations and quotation omitted).

Even if accepted as true, plaintiff's complaints concerning name-calling, harassment, or placement in segregation while incarcerated at Chittenden Regional Correctional Facility do not rise to the level of a constitutional violation. Id. (Section 1983 "is not designed to rectify harassment or verbal abuse."). Likewise, the plaintiff's claims relating to the decisions of prison officials to deny him furlough or community release privileges are unsupported by the record and, in any event, do not suggest either an Eighth Amendment or equal protection violation.

Plaintiff's furlough claims do not implicate the imposition of cruel and unusual punishment, and "to establish a violation of the Equal Protection Clause, an inmate must prove that a racially discriminatory intent or purpose was a factor in the decision of prison officials." Copeland v. Machulis, 57 F.3d 476, 480 (6th Cir. 1995). The record indicates that decisions regarding plaintiff's furlough status were based on his behavior and failure to complete required rehabilitative programs, not on race. Cf. LaBounty v. Adler, 933 F.2d 121, 123-24 (2d Cir. 1991) (statement that all black inmates have been treated differently

for purposes of placement in electrician program may state equal protection claim, but not an Eighth Amendment claim).

The Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of July, 2006.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge